```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
```

UNITED STATES OF AMERICA          *

      vs.                         *   CRIMINAL NO. MJG-11-0095
                                          (Civil No. MJG-15-1828)

DWAYNE L. FRAZIER                 *

\*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM AND ORDER RE: § 2255 MOTION

The Court has before it Petitioner's Motion to Vacate, Set Aside, or Correct Sentence [ECF No. 279]("the Motion").  The Court finds that a hearing is unnecessary.

## I.   BACKGROUND

On June 3, 2013, Petitioner was convicted on a plea of guilty to a charge of carjacking in violation of 18 U.S.C. § 2119(1).  On the same day, the Court imposed a sentence of 144 months of incarceration pursuant to a Rule[1] 11(c)(1)(C) plea agreement.  Petitioner appealed.  The conviction and sentence were affirmed on June 20, 2014. United States v. Frazier, 576 F. App'x 184 (4th Cir. 2014).

By the instant Motion, timely filed, pursuant to 28 U.S.C. § 2255, Petitioner seeks to have his conviction and sentence vacated.

---

1   Federal Rules of Criminal Procedure.

II.  GROUNDS ASSERTED

Petitioner asserts, in addition to two grounds that had been addressed and resolved on direct appeal,[2] that:

1.  The Judge participated in plea negotiations.
2.  The prosecutor made threats.
3.  There were Constitutional rights violations.
4.  He was denied the effective assistance of counsel.

III. DISCUSSION

In the Order Re: § 2255 Motion [ECF No. 296]("the Order"), the Court required Petitioner Frazier to clarify his contentions. He did so [ECF No. 304], and the Government has filed its response to the clarification [ECF No. 312].

The Court shall address Petitioner's contentions, as clarified.

A.  Judge In Plea Negotiations

Petitioner stated in the Motion:

> While speaking with Petitioner's attorney and prosecutor, the Judge stated that he thought that the Plea was good enough. That if I insist on going to trial that I would get 33 yrs [sic] as given to co-defendant that also went to trial. I felt threatened

---

2   The denial of a competence hearing and the determination of the sentence.

2

> by this statement that he had already made up his mind because he said that he had heard all the evidence already.

ECF No. 279 at 6.

Petitioner stated in his Response to the Government's Response [ECF No. 293] ("the Reply"):

> As stated before the Petitioner was set to go to trial on June 3, 2013, when the plea was brought up by the Government. The Government stated that Petitioner's co-defendant turned down the plea deal as well and was given 33 years in prison. At that time the Judge stated that he still was aware of that trial and felt that the plea deal was a good offer because if found guilty I would receive the same time as my co-defendant.

Id. at 5.

Defendant has clarified that he is referring to the June 3,[3] 2013 on-the-record proceeding held prior to the scheduled commencement of trial. The transcript of the proceeding [ECF No. 247] does not support Defendant's contentions. For example, as shown therein:

> THE COURT: The government's plea bargaining position at this time is what?
>
> MR. SIPPEL: Your Honor, the government remains open to plea bargaining, but I don't

---

[3] On the first page of his clarification [ECF No. 304], Petitioner refers to the proceeding as "on 5, June 2013. . . ." Inasmuch as there was no proceeding after Petitioner was sentenced on June 3, the reference to June 5 is an obvious inadvertent error.

3

> believe that the defense has indicated a willingness to continue plea negotiations.
>
> THE COURT: Now I am not asking any of this in order to have any participation in the plea bargaining, but the timing is significant. I want it to be very, very clear that Mr. Frazier has the absolute right to proceed to trial, and he will proceed to trial presumably, and that's fine. He is entitled to everything that relates to having a fair trial, and he will.
>
> But I did need the timing.
>
> MR. SIPPEL: You're absolutely right, Your Honor.

Tr. 5:23-6:14, ECF No. 247.

### B. Prosecutor's Alleged Threats

Petitioner alleged in the Motion that the prosecutor sent a number of threats to him in the jail. The Order stated that Defendant:

> shall specify full[y] the content of the "threats" allegedly made by Assistant United States Attorney Sippel. In particular, Petitioner shall describe fully any "threat" not related to legal action the prosecutor might take.

ECF No. 296 at 4.

Defendant's clarification does not refer to any "threat" by the prosecutor of action other than in regard to legal proceedings. Government counsel denies Defendant's allegation that any message from him was communicated to Defendant through

4

anyone other than Defendant's attorney.  Defendant's hearsay statement that someone told him that he/she was communicating to Defendant a message from the prosecutor is inadmissible hearsay. Moreover, while the information that Defendant refers to as "threatening" is unpleasant, it is no more than a description of the regrettable situation in which the Defendant found himself.

C. "Constitutional Rights"

Petitioner states in the Motion:

> Before finalizing the plea agreement the Judge, asked if my rights have been violated in any way in this case.  I told him yes, but he refused to allow this Petitioner to explain why.

ECF No. 279 at 5.

The Order required Defendant to:

> specify any contentions he may have asserted, or may now wish to assert, regarding violations of his Constitutional rights.

ECF No. 296 at 5.

In response, Defendant stated that he would have asserted as constitutional violations his claims about the prosecutor's threats, a Speedy Trial Act violation claim, and complaints about conditions of his pretrial confinement, inadequate access

5

to legal materials while incarcerated, and the absence of religious services.

None of these assertions, if made, would have had the slightest merit on constitutional or other grounds.  Nor would raising these issues have caused any different result than that achieved by Defendant's counsel.  That is, the acceptance of a voluntary plea to an agreed sentence of twelve years of incarceration.

D.  Ineffective Assistance of Counsel

In order to prevail on a claim that counsel's representation violated his Sixth Amendment right to effective assistance of counsel, Petitioner must show (1) "that counsel's representation fell below an objective standard of reasonableness,"[4] and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984).  "A reasonable probability is a probability sufficient to undermine confidence in the outcome [of the proceedings]."  Id. at 694.

Petitioner stated in the Motion:

---

[4]  Thus overcoming a presumption that counsel's conduct (i. e. representation of the criminal defendant) was reasonable.  See Strickland v. Washington, 466 U.S. 668, 687-88 (1984).

> Gary Procter was ineffective and unprepared to go to trial therefore what he did on the day of trial was truly unprofessional. He allowed my speedy trial right to be violated as well as failing to fight against any and all enhancements that the government asked for and received. He failed to investigate elements concerning the Petitioner's innocences [sic].

ECF No. 279 at 9.

In regard to the alleged failure of counsel to investigate the case, Defendant refers to nothing that presents any realistic (much less any reasonable) probability that Defendant would not have been convicted at trial or that he could have obtained a lower sentence than he agreed to.

III. CONCLUSION:

For the foregoing reasons:

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence [ECF No. 279] is DENIED.

2. Judgment shall be entered by separate Order.

SO ORDERED, this Tuesday, April 26, 2016.

/s/
Marvin J. Garbis
United States District Judge